UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| HELENA JAKUBCZAK, | ) | Case No. 05-23004 |
| | ) | |
| Debtor. | ) | Hon. JOHN D. SCHWARTZ |

### Trustee's Final Report

To:   The Honorable JOHN D. SCHWARTZ
      United States Bankruptcy Judge

NOW COMES BARRY A. CHATZ, Trustee herein, and respectfully submits to the Court and to the United States Trustee his Final Report in accordance with 11 U.S.C. §704(9).

1.      The Petition commencing this case was filed on June 9, 2005. BARRY A. CHATZ was appointed Trustee on the June 9, 2005. The Trustee's bond in this case is included as part of the Trustee's blanket bond coverage.

2.      The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee has not found it advisable to oppose the Debtor's discharge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

3.      The disposition of estate property is set forth in Exhibit B. The scheduled value of property abandoned is $0.00. The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

4.      A summary of the Trustee's final account as of September 30, 2007 is as follows:

|   |   |   |
|---|---|---|
| a. | RECEIPTS (See Exhibit C) | $25,330.25 |
| b. | DISBURSEMENTS (See Exhibit C) | $20.06 |
| c. | NET CASH available for distribution | $25,310.19 |

d.  TRUSTEE/PROFESSIONAL COSTS:

1.  Trustee compensation requested                          $3,143.19
    (See Exhibit E)
2.  Trustee Expenses (See Exhibit E)                            $5.00
3.  Compensation requested by
    attorney or other professionals
    for trustee (See Exhibit F)
    (a.)  Cohen & Krol                                      $3,520.50
          *Attorney for Trustee Fees*
          *(Other Firm)*
    (b.)  Cohen & Krol                                         $36.46
          *Attorney for Trustee*
          *Expenses (Other Firm)*

5.  The Bar Date for filing unsecured claims expired on November 16, 2005.

6.  All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee (Exhibit D). The actual dollar amount of claims allowed and/or requested for this estate is as follows:

a.  Chapter 7 administrative claims                          $6,705.15
    and 28 U.S.C. §1930 claims

b.  Allowed unsecured claims                                $17,302.15

7.  Trustee proposes that unsecured creditors receive a distribution of 100.00% of allowed claims plus 3.28% interest.

8.  The compensation previously awarded to Trustee's counsel, accountants or other professionals, and the compensation requested but not yet allowed is as follows:

| Applicant | Compensation Previously Paid | Fees Now Requested | Expenses |
|---|---|---|---|
| BARRY A. CHATZ<br>*Trustee Compensation* | $0.00 | $3,143.19 | $5.00 |
| COHEN & KROL<br>*Attorney for Trustee* | $0.00 | $3,520.50 | $36.46 |

9.  A fee of $700.00 was paid to Debtor's Counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

**WHEREFORE,** the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report, and for such other relief as the Court shall deem proper.

DATE: ___10 / 18 / 07___

Respectfully Submitted

_____
Signature

BARRY A. CHATZ, Trustee
120 S. RIVERSIDE PLAZA
SUITE 1200
CHICAGO, IL 60606-0000

## TASKS PERFORMED BY TRUSTEE

BARRY A. CHATZ was appointed Trustee on June 9, 2005. The Trustee determined that the debtor had conveyed real property located at 3351 N. Osage, Chicago to her son on or about November 10, 2003 for $80,000 plus a gift of $2,400. The Trustee determined that current sales of comparable properties were in the range of $300,000 to $350,000. The Trustee filed an adversary complaint to avoid the transfer and subsequently negotiated a settlement with the son in the amount of $25,000.00. The Trustee's efforts resulted in a 100.00% distribution to unsecured creditors plus interest. A surplus is being returned to the debtor.

The Trustee was also responsible for the day to day administration of the bankruptcy case. The duties carried out by the Trustee were as follows:

1.    Review of court file upon appointment of Trustee.
2.    Establishment and monthly reconciliation of Trustee bank accounts.
3.    Examination of the Debtor at first meeting creditors.
4.    Review of claim docket and claims.
5.    Preparation of Trustee's Final Report, Application for Trustee Compensation and related documents for closing of case.
6.    Attendance at the Final Hearing.
7.    Issuance of checks for final distribution and preparation of Trustee's Final Account.

## EXHIBIT A

## DISPOSITION OF ESTATE PROPERTY

| **Scheduled Property & Disposition** | | **Amount Realized** |
|---|---|---|
| Cash on Hand: | $400.00 | Exempt |
| Checking Account: | $43.00 | Exempt |
| Household Furniture: | $500.00 | Exempt |
| Wearing Apparel: | $400.00 | Exempt |
| Jewelry: | $200.00 | Exempt |
| | | |
| Automobile: | | |
| Toyota Corolla - | $500.00 | Exempt |

**Unscheduled Property**

| | |
|---|---|
| Settlement in Fraudulent Transfer Adversary Action | $25,000.00 |
| Interest Earned | $330.25 |

| | |
|---|---|
| TOTAL RECEIPTS | $25,330.25 |
| TOTAL SCHEDULED VALUE EXEMPT PROPERTY | $2,043.00 |

**EXHIBIT B**